

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: JOSEPH SHOCKLEE DUEKER | Case Number: 17SL-CC01902 |
| Plaintiff/Petitioner: RALPH CALDWELL | Plaintiff's/Petitioner's Attorney/Address GREGORY G FENLON SUITE 910 231 S BEMISTON CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent: ST. LOUIS COUNTY, MISSOURI | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Other Tort | |

**FILED JUN 29 2017 JOAN M. GILMER CIRCUIT CLERK, ST LOUIS COUNTY**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: ST. LOUIS COUNTY, MISSOURI
Alias:

ST. LOUIS COUNTY EXECUTIVE
41 S. CENTRAL, 9TH FLOOR
CLAYTON, MO 63105

30) HERBt

**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

26-MAY-2017
Date                                      /s/ Joan M. Gilmer, Clerk

Further Information:
LNG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   Jen Frank (name) County Clerk (title).
☐ other _____
Served at SAA _____ (address)
in St. Louis (County/City of St. Louis), MO, on 6/27/17 (date) at 12:08 (time).

K. Herbert
Printed Name of Sheriff or Server             Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                        Date       Notary Public

**Sheriff's Fees, if applicable**
Summons         $_____
Non Est         $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage         $_____ (____ miles @ $____ per mile)
Total           $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document ID# 17-SMCC-4034   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| RALPH CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Cause No. |
| | ) |
| ST. LOUIS COUNTY, | ) |
| Serve at: St. Louis County Executive | ) Division |
|     41 S. Central, 9th Floor | ) |
|     Clayton, Mo. 63105 | ) |
| | ) Jury Trial Requested |
| And | ) |
| | ) |
| CO. FNU CONARD, DSN 1193, | ) |
| In his individual capacity, | ) |
| Serve at: (Hold for Service) | ) |
| | ) |
| And | ) |
| | ) |
| LT. FNU ANDERSON, DSN 143, | ) |
| In his individual capacity, | ) |
| Serve at: (Hold for Service) | ) |
| | ) |
| Defendants | ) |

## **PETITION**

Plaintiff Ralph Caldwell brings this suit for damages against defendants St. Louis County, CO Conard, and Lt. Anderson as follows:

1. Plaintiff brings this Constitutional tort action pursuant to 42 U.S.C. §1983 for damages related to the death of his son Michael Kibbons.

2. Decedent Michael Kibbons died on June 27, 2015 as a direct result of the actions and omissions of defendants, and each of them, in violation of the civil rights guaranteed to him by the United State Constitution and in violation of 42 U.S.C. § 1983.

3. Decedent Michael Kibbons was a citizen and domiciliary of the United States of America.

4. Ralph Caldwell is and was at all relevant times a citizen and domiciliary of the United States of America and the father of decedent Michael Kibbons.

5. Defendant CO Conard, acting in his individual capacity, was at all relevant times a duly appointed police officer for St. Louis County.

6. At all times relevant herein, defendant CO Conard was acting under the color of law.

7. Defendant Lt. Anderson, acting in his individual capacity, was at all relevant times a duly appointed police officer for St. Louis County.

8. At all times relevant herein, defendant Lt. Anderson was acting under the color of law.

9. Defendant St. Louis County is a governmental subdivision of the State of Missouri.

10. At all times relevant times, defendant St. Louis County was acting under the color of law with respect to the acts and acts of omission set forth herein.

11. Defendant St. Louis County operated, provided and maintained a jail called the St. Louis County Justice Center.

12. Defendant St. Louis County operated, provided, and maintained the St. Louis County Justice Center for the purpose, *inter alia*, of incarcerating pre-trial detainees as well as prisoners who had been sentenced and incarcerated therein.

13. Defendant St. Louis County provided the procedures and policies for the St. Louis County Justice Center and the training of the security officer at the St. Louis County Justice Center.

14. At all times mentioned herein, defendant St. Louis County and its police force would incarcerate in the St. Louis County Justice Center

persons who had been detained under suspicion of violating parole and those who had outstanding warrants awaiting disposition or trial, also known as pre-trial detainees.

15. In June of 2015, decedent Michael Kibbons was arrested and transferred to defendant St. Louis County's St. Louis County Justice Center as a pre-trial detainee suspected of violating the conditions of his parole.

16. At the time of this transfer to the St. Louis County Justice Center, decedent Michael Kibbons was suffering mental disease that included substantial and immediate risk of suicide.

17. At the time of the transfer to St. Louis County Justice Center, decedent Michael Kibbons had been receiving civilian medical care for depression and PTSD.

18. At the time of the transfer to St. Louis County Justice Center, decedent Michael Kibbons had a history of multiple suicide attempts.

19. At the time of the transfer to St. Louis County Justice Center, decedent Michael Kibbons was prescribed various medications to treat his mental conditions including as a preventative measure regarding his risk of suicide.

20. By information and belief, decedent Michael Kibbons attempted suicide prior to June 26, 2015 while at the St. Louis County Justice Center by attempting to overdose on drugs in pill form.

21. By information and belief, underwent a medical screening by an employee or agent of defendant St. Louis County to evaluate his medical needs. During this screening, decedent Michael Kibbons provided a description of the medical history, medications and prior suicide attempts.

22. Defendant St. Louis County, by and through its employees and agents, was aware of decedent Michael Kibbons mental illness, suicidal history, and prescriptions for medications to address these issues.

23. By information and belief, defendant St. Louis County policy and procedures prohibited decedent Michael Kibbons from taking his prescribed medicines.

24. In deliberate indifference to decedent Michael Kibbons, defendant St. Louis County failed to provide decedent Michael Kibbons with replacement medicine to treat his mental illness and suicide risk because (a) untrained medical staff; and (b) its policies and procedures.

25. At all relevant times, decedent Michael Kibbons was designated as "Precautionary Suicide" within the St. Louis County Justice Center's system.

26. By information and belief, the "Precautionary Suicide" designation indicates a prisoner is a suicide risk and precautions should be taken to protect the prisoner from such risk.

27. Each defendant, each of them, knew, understood, were advised and appreciated that decedent Michael Kibbons was designated a "Precautionary Suicide" and that he posed an immediate and serious risk of serious bodily harm or death to himself because of his known risk of suicide.

28. At all relevant times, decedent Michael Kibbons was also designated as a Prison Rape Exception Act ("PREA").

29. By information and belief, the PREA designation indicates that decedent had a known risk of being a victim of sexual assault if left in the jail population without precaution.

30. By information and belief, the PREA designation of decedent Michael Kibbons was the result of incident in 2013 were decedent Michael

Kibbons reported being raped while being held at the St. Louis County Jail.

31. The alleged 2013 report was memorialized by the City of Clayton police report #13-149.

32. By information and belief, the St. Louis County Justice Center policy required prisoners with "Precautionary Suicide" designations to be housed with a cellmate so that the prisoner could be observed at all times.

33. By information and belief, the St. Louis County Justice Center policy required prisoner with the PREA designation to be housed without a cellmate to avoid the known risk of the prisoner being sexually assaulted.

34. By information and belief, on the morning of June 26, 2015, decedent was assigned and placed in Cell #2 of Pod A on the 8th floor of the St. Louis County Justice Center.

35. By information and belief, decedent Michael Kibbons shared Cell # 2 of Pod A with cell mate M. Hollenback.

36. By information and belief, on the morning of June 27, 2015 at approximately 0648 hours, decedent Michael Kibbons was removed from his cell by defendant Anderson for the purpose of taking him to the infirmary.

37. By information and belief, the reason decedent Michael Kibbons was being taken to the infirmary was for him to remain there under observation without a cell mate.

38. In direct contravention of the policy and procedures, defendant Anderson did not complete the transfer of decedent Michael Kibbons to the infirmary.

39. Defendant Anderson returned decedent Michael Kibbons to Cell #2 in Pod A on June 27, 2015.

40. Defendant Anderson returned decedent Michael Kibbons to Cell #2 in Pod A on June 27, 2015 based on a conversation he had with Mr. Kibbons.

41. By information and belief, defendant Anderson lacks the medical experience, training, and knowledge to make a medical assessment of the suicide risk posed by decedent Michael Kibbons.

42. Defendant Anderson acted with deliberate indifference and conscious disregard substituted his untrained assessment of decedent Michael Kibbons suicide risk over the qualified screening assessment that designated him "Precautionary Suicide."

43. Defendant Anderson acted with deliberate indifference to the known serious medical needs of decedent Michael Kibbons when he unilaterally decided not to deliver Mr. Kibbons to the infirmary where he could be properly medically treated and receive effective precautions to avoid suicide.

44. The log of the prison population maintained in Pod A did not show the return of Michael Kibbons to the pod until 1355 hours, a time after decedent was discovered hanged in his cell in Pod A.

45. On June 27, 2015, defendant Conard was assigned as the security officer for Pod A.

46. By information and belief, defendant Conard was aware that decedent Michael Kibbons was to be transferred from Pod A to the infirmary.

47. Defendant Conard never made inquiry as to why decedent Michael Kibbons was returned to Pod A.

48. Defendant Conard acted with deliberate indifference to decedent Michael Kibbon's known serious medical needs by failing to assure transfer of Mr. Kibbons to the infirmary where he could receive proper medical treatment and effective precautions against suicide could have been made.

49. At all relevant times before the report of decedent Michael Kibbons hanging, defendant Conard remained in the security office of Pod A.

50. Prisoners in Cell #2 in Pod A cannot be observed from the security office of Pod A when the cell door to Cell #2 is closed.

51. At approximately 1300 hours on June 27, 2015, defendant Conard opened the door to Cell #2 of Pod A to permit the prisoners recreational time outside the cell.

52. M. Hollenback left Cell #2 of Pod A at approximately 1300 hours on June 27, 2015.

53. Decedent Micheal Kibbons remained in Cell #2 of Pod A at 1300 hours on June 27, 2015

54. M. Hollenback closed the door to Cell #2 of Pod A as he exited at approximately 13000 hours on June 27, 2015.

55. Defendant Conard was in position in the security office to observe the door to Cell #2 of Pod A was closed.

56. Defendant Conard failed to notice that the door to Cell #2 of Pod A was closed.

57. Once M. Hollenback left Cell #2 of Pod A at approximately 1300 hours on June 27, 2015, decedent Michael Kibbons remained in the closed cell unobserved.

58. Defendant Conard acted with deliberate indifference to decedent Michael Kibbons' known serious medical needs by failing to keep Mr. Kibbons under observation or taking other action to prevent Mr. Kibbons from being isolated and capable of committing suicide without observation.

59. At approximately 1330 hours, M. Hollenback went to defendant Conard and requested that the door to Cell #2 of Pod A be opened so that he could enter the cell to use the commode.

60. It was only upon this request that defendant Conard noticed the door to Cell #2 of Pod A appeared closed.

61. At approximately 1330 hours, defendant Conard opened the door to Cell #2 of Pod A for M. Hollenback.

62. At approximately 1330 hours, M. Hollenback entered Cell #2 of Pod A and observed decedent Michael Kibbons hanged with his bedsheets from the top bunk of bed.

63. Decedent Michael Kibbons would succumb and die from the hanging.

64. On or about June 27, 2015, decedent Michael Kibbons committed suicide by hanging while in Cell #2 of Pod A of the St. Louis County Justice Center.

65. Defendants Conard and Anderson, and each of them, were deliberately indifferent to the serious medical needs of decedent Michael Kibbons and ignored his need for medical help and instead incarcerated decedent Michael Kibbons in a manner that left him without precautions, unobserved and at serious risk of suicide.

66. The actions and indifference of defendants, and each of them, as it related to decedent Michael Kibbons was a custom, policy, practice and procedure of defendant St. Louis County and its jail in staffing and employing severely undertrained and non-qualified employees and

further failing to train such employees and thus failing to provide incarcerated prisoners with appropriate care, treatment, and medication.

67. The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires police provide medical care to those in their custody, for mental health care and treatment and failure to do so violates the Eighth and Fourteenth Amendment.

68. The actions and indifference of defendant in failing to timely provide medical care and effective suicide prevention to decedent Michael Kibbons as set forth above violated the Eighth and Fourteenth Amendment to the United States Constitution.

69. Plaintiff seeks damages and compensation for violation of the civil and Constitutional right of her stepson Michael Kibbons pursuant to 42 U.S.C. 1983.

70. The aforesaid acts of defendant and each of them, were done knowingly, intentionally, maliciously, and in violation of decedent Michael Kibbons' well-established Constitutional and civil rights thereby entitling an award of punitive damages.

71. In addition to actual and punitive damages, plaintiff is entitled to damages for the Constitutional violaitons as herein describe and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1983 and 1988.

WHEREFORE plaintiff prays judgment against defendants St. Louis County, CO Conard, and Lt. Anderson, jointly and severally, for damages in an amount which will fairly and justly compensate plaintiff for his damages, actual and punitive, for plaintiff's reasonable attorney fees and costs and for such other and further relief favorable to plaintiff the Court deems fair and just.

By     /s/ Gregory G. Fenlon
    Gregory G. Fenlon  #35050
    David A. Perney
    St. Louis Lawyers Group
    231 S. Bemiston,   Suite 910
    Clayton, Missouri  63105
    (314) 862-7999 – fax 863-4340
    Attorney for plaintiff
    ggfmoatty@aol.com

Electronically Filed - St Louis County - May 26, 2017 - 10:47 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 17SL-CC01902 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RALPH CALDWELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGORY G FENLON<br>SUITE 910<br>231 S BEMISTON<br>CLAYTON, MO 63105 | SHERIFF FEE PAID |
| Defendant/Respondent:<br>ST. LOUIS COUNTY, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: ST. LOUIS COUNTY, MISSOURI
Alias:
ST. LOUIS COUNTY EXECUTIVE
41 S. CENTRAL, 9TH FLOOR
CLAYTON, MO 63105

COURT SEAL OF



ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

26-MAY-2017
Date

_____
Clerk

Further Information:
LNG

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____          _____
                        Date                          Notary Public

Sheriff's Fees, if applicable
Summons             $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $  10.00
Mileage             $_____ (_____ miles @ $_____ per mile)
Total               $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 17-SMCC-4034    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                               54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-4034**    2    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 17-SMCC-4034**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

I certify and attest that the above is a true copy of the original record of the Court in case number  17SL-CC01902  as it appears on file in my office.

Issued

7/21/17

**JOAN M. GILMER**, Circuit Clerk
St. Louis County Circuit Court

By _____
Deputy Clerk

CCOPR36   Rev. 06/00