# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RALPH CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02073-NCC |
| ) | |
| ST. LOUIS COUNTY GOVERNMENT, ) | |
| CORRECTIONAL OFFICER CONARD, ) | |
| and LIEUTENANT ANDERSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Hearing and Approval and Order of Distribution of Settlement Involving Death of Michael Kibbons (Doc. 33). Defendants responded, consenting to Plaintiff's Motion for Hearing (Doc. 34). For the following reasons, Plaintiff's motion will be **DENIED**.

On June 27, 2015, Plaintiff Ralph Caldwell's ("Plaintiff") son, Michael Kibbons ("Mr. Kibbons"), died while in custody at the St. Louis County Justice Center ("the Justice Center"). On May 26, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against St. Louis County ("the County"), Correctional Officer Conard ("Conard"), and Lieutenant Anderson ("Anderson") (collectively "Defendants") in the Circuit Court for Saint Louis County (Doc. 2).[1] Plaintiff has not specifically pled a claim under Missouri's Wrongful death Statute. Instead, Plaintiff contends that Mr. Kibbons' death was the direct result of a deliberate indifference to his need for medical care. Plaintiff further alleges that the County is liable for the death of Mr. Kibbons, his son, because its

---

[1] Defendants removed the case to this Court on July 21, 2017 and the Court entered a Case Management Order on October 26, 2017 (Doc. 1).

policies, customs, and practices caused the deprivation of Mr. Kibbons' constitutional rights and thus his death. After a mediation conference on March 26, 2018, the parties' neutral submitted to the Court an ADR Compliance Report indicating that the parties had achieved a settlement (Doc. 32).

Plaintiff now moves for a hearing regarding the parties' settlement pursuant to Mo. Rev. Stat. 537.080, *et seq.* with the consent of the Defendants (Doc. 33). Section 537.080 establishes who is entitled to bring suit under the Missouri wrongful death statute and allows for only one suit against any one defendant for the death of an individual. Mo. Rev. Stat. 537.080. Pursuant to Section 537.095.3, "[i]n any action for damages under section 537.080, . . . upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."[2] Mo. Rev. Stat. 537.095.3. In support of his request, Plaintiff indicates that Defendant St. Louis County has offered a sum of money in full and final settlement of Plaintiff's claims and all persons permitted to make claims under Section 537.080 (*Id.* at 2). Plaintiff argues that while this action is not pled under Section 537.080, during settlement negotiations the parties contemplated all damages available to Plaintiff and all claims concerning the death of Mr. Kibbons (*Id.*). In support of his assertion that the Court should hold a hearing and look to Missouri law to determine the procedure relating to "death claims," Plaintiff cites to *Andrews v. Neer*, 253 F.3d 1052 (8th Cir. 2001). However, while *Andrews* clearly indicates that Plaintiff, although not the personal representative of Mr. Kibbons' estate, has standing to bring a section 1983 action on behalf of Mr. Kibbons, it does not stand for the proposition that the Court shall apportion damages amongst individuals entitled to sue when no wrongful death claim has

---

[2] Mr. Kibbons is survived by his mother, a son, and Plaintiff. Mr. Kibbons' mother and son are not parties to this case.

been filed. 253 F.3d at 1058. Such action does not appear to be permissible on the allegations of this case. Further, the Court is unaware of any legal support for such a procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Hearing and Approval and Order of Distribution of Settlement Involving Death of Michael Kibbons (Doc. 33) is **DENIED**.

Dated this 11th day of May, 2018.

                                                  /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE