UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02073-NCC |
| ) | |
| ST. LOUIS COUNTY, CORRECTIONAL ) | |
| OFFICER CONARD, and LIEUTENANT ) | |
| ANDERSON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Amended Motion for Approval and Order of Distribution of Settlement (Doc. 53). The motion is fully briefed and ready for disposition. For the following reasons, Plaintiff's Motion will be **GRANTED, in part** and **DENIED, in part**.

On June 27, 2015, Plaintiff Ralph Caldwell's ("Plaintiff") son, Michael Kibbons ("Mr. Kibbons" or "decedent"), died while in custody at the St. Louis County Justice Center ("the Justice Center"). On May 26, 2017, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against St. Louis County ("the County"), Correctional Officer Conard ("Conard"), and Lieutenant Anderson ("Anderson") (collectively "Defendants") in the Circuit Court for Saint Louis County (Doc. 2).[1] On May 11, 2018, the Court denied Plaintiff's motion for a hearing pursuant to Mo. Rev. Stat. § 537.080, *et seq.* regarding the parties' purported settlement and set this matter for a status conference (Docs. 35, 36). Plaintiff subsequently filed a Motion to Enforce Settlement (Doc. 37) and a Motion to Dismiss Defendants Conard and Anderson (Doc. 39).

---

[1] Defendants removed the case to this Court on July 21, 2017 and the Court entered a Case Management Order on October 26, 2017 (Doc. 1).

On June 22, 2018, the Court held a Status Conference with counsel at which the Court granted Plaintiff's oral motion to withdraw his motion to enforce settlement (Doc. 48) and issued an Order directing Plaintiff to either file additional briefing regarding the parties' settlement agreement or file an amended complaint within fourteen days of the date of the order (Doc. 49). The Order additionally directed the parties to file an amended joint proposed scheduling order within fourteen days of the date of the Order (*Id.*). The Court also indicated in the Order that it would take Plaintiff's Motion to Dismiss Defendants Conard and Anderson under submission for at least fourteen days (*Id.*). On July 6, 2018, Plaintiff filed an amended complaint (Doc. 50). In his Amended Complaint, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 and a new wrongful death claim against Defendants St. Louis County, Conard, and Anderson (*Id.*). On July 16, 2018, Defendants St. Louis County, Conard, and Anderson filed an Answer to the Amended Complaint (Doc. 51).

On July 19, 2018, Plaintiff filed an Amended Motion for Approval and Order of Distribution of Settlement Involving Death of Michael Kibbons (Doc. 53). In his current Motion, Plaintiff requests the Court approve the settlement without a hearing (*Id.*). Plaintiff indicates that the three statutory claimants for wrongful death damages, Plaintiff, decedent's minor son, and decedent's mother, have agreed to, and have executed, releases for the allocation of the wrongful death damages (*Id.*). The three statutory claimants wish for their settlement distribution to remain confidential (*Id.*). Plaintiff further indicates that the release of decedent's son was executed by his other grandfather who has legally adopted grandson and he is the sole care provider (*Id.*). Plaintiff asserts, without providing any support, that "[i]t is commonplace in Missouri practice for the statutory claimants to reach an agreement thereby avoiding the uncertainty of Court allocation. This is especially true in situations such as the present where a claimant does not live in the metropolitan area" (*Id.* at 3). Plaintiff also asks the Court to allow the amount of the distribution to remain confidential (*Id.* at 2).

Defendant St. Louis County responded to Plaintiff's Motion in which it requests a hearing pursuant to Missouri Revised Statute § 537.095 to approve the settlement entered into with Plaintiff in this matter, including the settlement of the Section 1983 claims (Doc. 54). Defendant St. Louis County argues that a hearing is necessary to comply with the terms of the parties' settlement (*Id.*). Defendant St. Louis County also asserts that a release signed by the grandfather on behalf of decedent's son would be unenforceable (*Id.*). Defendant St. Louis County also filed its own a Proposed Amended Scheduling Plan without Plaintiff (Doc. 55).

In his reply brief, Plaintiff argues that the traditional testimonial hearing is not required pursuant to Section 537.095 and directs the Court to Federal Rule of Civil Procedure 43(c) for the proposition that the Court may hear a matter on affidavits or wholly or partly on oral testimony (Doc. 56). Plaintiff then further indicates, "[t]he affidavits submitted with the plaintiff's motion provide a full and adequate basis for resolution of the facts underlying the motion" (*Id.*). Plaintiff further asserts that the grandfather has the authority to assent to the distribution of the settlement proceeds on behalf of decedent's son because Plaintiff is contracting with Defendant regarding the settlement and the affidavit submitted by the grandfather is not contractual in nature (*Id.*). In fact, no such affidavits are submitted by Plaintiff. The Court can only consider what is before it.

As the Court previously addressed, Section 537.080 establishes who is entitled to bring suit under the Missouri wrongful death statute and allows for only one suit against any one defendant for the death of an individual. Mo. Rev. Stat. § 537.080. Indeed, as indicated by the Plaintiff, the known statutory claimants here are Plaintiff, decedent's son, and decedent's mother. Mo. Rev. Stat. § 537.080.1(1). Pursuant to Section 537.095.3, "[i]n any action for damages under section 537.080, . . . upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the

losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. The Court is required to make the following findings in order to approve the settlement: (1) that the claimant has diligently attempted to notify all parties having a cause of action under Section 537.080; (2) the total settlement approved; (3) an apportionment among the persons entitled to share in the proceeds, in proportion to the losses suffered by each; (4) if there is no attorneys' fee contract, an amount for attorneys' fees that is fair and equitable under the circumstances; and (5) whether a bond will be required for the collection and distribution of the proceeds by the claimant. Mo. Rev. Stat. § 537.095. While the statute does not mandate a settlement hearing, Plaintiff has failed to provide the Court with all of the relevant necessary information such as affidavits or waivers of the right to appear that set forth the claimants' agreement to the proposed distribution.

Further, as correctly indicated by Defendant St. Louis County, a minor child lacks capacity to sign a release of his claims against St. Louis County and such a release may only be signed on the minor's behalf by a duly-appointed representative such as a guardian, conservator, next friend, or guardian ad litem. Mo. Rev. Stat. § 507.110. Even if the Court were to construe the statute such that the settlement agreement between Plaintiff and Defendant St. Louis County were binding on decedent's son and released St. Louis County of all wrongful death claims against it, the Court must be mindful of a minor's rights during suit and the agreement and associated apportionment must first be approved by this Court pursuant to the statutory scheme. *See Y.W. By and Through Smith v. National Super Markets, Inc.*, 876 S.W.2d 785, 789 (Mo. App. Ct. 1994) (holding that the statutory scheme exists "to protect a minor's rights during a suit," and "a minor's legal right to bring a suit"). At this time, the Court cannot approve the agreement without the necessary information identified above and without further support from Plaintiff regarding the protection of decedent son's rights. However, it is clear from the briefing that the parties wish to resolve this matter and avoid the uncertainty of a trial. Therefore, in the interest of justice, the Court will grant Plaintiff's Motion in

part and deny it in part, and set this matter for a Settlement Hearing. Finally, in light of the Amended Complaint again naming Defendants Conard and Anderson, the Court will deny Plaintiff's Motion to Dismiss these parties as moot (Doc. 39).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Approval and Order of Distribution of Settlement (Doc. 53) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that this matter is set for a Settlement Hearing on **Monday, October 15, 2018, at 9:30 AM** in Courtroom 15N before the undersigned. Seven days prior to the hearing, the parties shall submit a joint proposed order approving wrongful death settlement and any necessary affidavits to the Court. These documents may be filed under seal.

**IT IS FURTHER ORDERED** that Plaintiff's Voluntary Dismissal with Prejudice (Doc. 39) is **DENIED, without prejudice, as moot**.

Dated this 24th day of September, 2018.

                                               /s/ Noelle C. Collins
                                               NOELLE C. COLLINS
                                               UNITED STATES MAGISTRATE JUDGE