UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02073-NCC |
| ) | |
| ST. LOUIS COUNTY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff Ralph Caldwell and Defendant St. Louis County's Joint Application for Appointment of Next Friend for Minor, Approval of Wrongful Death Settlement, and Order for Distribution of Proceedings, filed October 8, 2018.[1] (Doc. 60.) The parties motion the Court to appoint a Next Friend for E.S., the minor,[2] which the Court previously granted. (Doc. 68.) The parties also motion the Court to approve the settlement and distribute the proceeds. Upon careful consideration of the record, including the evidence presented at the hearing and the supplemental evidence submitted before and after the hearing, the motion will be **GRANTED, in part,** and **DENIED, in part**.

### I. Background Information

Plaintiff filed this action on July 21, 2017. Plaintiff asserts claims under 42 U.S.C. § 1983 and the Missouri Wrongful Death Statute, §§ 573.080, *et seq*. relating to the death of his natural son, Michael Kibbons ("decedent"). The parties agreed to settle this action for a sum of $60,000.00. In

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 7.)

[2] The Court will use initials to protect the minor's identity.

exchange for the payment, all claims against employees of St. Louis County will be dismissed with prejudice, and all persons entitled to share in the settlement have agreed to release all claims that they may possess against St. Louis County and its employees as a result of the decedent's death. The Court held a hearing on this motion on October 15, 2018, at which counsel for both parties appeared. Plaintiff Ralph Caldwell also appeared in person and testified. Plaintiff and Plaintiff's counsel have represented that they have notified the interested parties. In addition, the parties submitted a copy of the Full General Release of All Claims executed by Plaintiff and Counsel for the County; a Full General Release of All Claims executed by decedent's mother, Carol Vancil; and a Full General Release of All Claims form for Mark Speake, the maternal grandfather, adoptive father, and Next Friend of decedent's minor son, E.S., and an affidavit from Mr. Speake. (Docs. 59-1, 59-3, 66, 70.)

## II. Discussion

In any action for damages for wrongful death under Missouri law, the Court must first state the total settlement approved and then enter a judgment, apportioning the settlement proceeds among those entitled in proportion to the losses suffered by each as determined by the court. *See* Mo. Rev. Stat. § 537.095.3. "The duty and responsibility of apportionment of losses in a wrongful death action lies within the sound discretion of the trial court." *Parr v. Parr*, 16 S.W.3d 332, 336 (Mo. 2000). Moreover, "[t]here is no minimum amount that must be awarded to any party designated as a taker under § 537.095.4," nor is the Court bound by a set percentage or minimum." *Id*. at 337. The Court is required to apportion damages before allocating attorney's fees. *Hess v. Craig*, 43 S.W.3d 457, 458-59 (Mo. Ct. App. 2001) (citing *Parr*, 16 S.W.3d at 338). After determining the appropriate apportionment, the Court is then required to order the claimant to collect and receipt for

the payment of the settlement proceeds, to deduct and pay the attorney's fees and expenses as contracted, to acknowledge satisfaction in whole or in part for the settlement proceeds, to distribute the net proceeds as ordered, and to report and account thereof to the Court. Mo. Rev. Stat. § 537.095.4.

The persons entitled to share in the settlement proceeds from this wrongful death action are statutorily defined. Mo. Rev. Stat. § 537.080.1(1). At the time of his death, the decedent was not married, his mother and father were still living, and he had one minor child, E.S. The decedent was survived by no other offspring. Therefore, the only surviving individuals and persons entitled to recovery in this action under § 537.080.1(1) are Plaintiff Ralph Caldwell (decedent's natural father), Carol Vancil (decedent's natural mother), and E.S. (decedent's natural child), by and through his Next Friend, Mr. Speake.

Pursuant to Mo. Rev. Stat. § 537.095.4 and the evidence and testimony presented in this case, the Court finds that, before deducting attorney's fees and expenses, the $60,000.00 total settlement proceeds shall be apportioned as follows: Plaintiff Ralph Caldwell - $49,500.00; E.S. - $9,000.00; and Carol Vancil - $1,500.00. Although each party has suffered a loss, the Court, upon consideration of the evidence, finds this is the appropriate allocation in this case. Releases have been executed by the interested parties acknowledging that the settlement is an end to all litigation, and Plaintiff testified at the hearing that a verdict and judgment in excess or less than the settlement amount could result from a jury trial but believes the settlement is in their best interest. (Docs. 59-1, 66, 70.) Therefore, they waive their right to trial by jury.

The Court additionally finds the settlement is in the best interests of E.S., the minor. *See* Mo. Rev. Stat. § 507.184. After Mr. Kibbons's death, E.S. was adopted by Mr. Speake, his maternal

grandfather. E.S. has lived continuously with Mr. Speake since Mr. Kibbons's death. Plaintiff characterized Mr. Speake as a good grandfather and adoptive father. Plaintiff also testified that he continues to maintain a relationship with Mr. Speake and E.S. and continues to support E.S. Mr. Speake, as next Friend, believes the settlement is in E.S.'s best interest. (Docs. 66, 70.)

Attorney's fees and expenses in this case amounted to $24,000.00, or 40% of the total settlement proceeds. (Docs. 62, 67.) Plaintiff testified that all attorney's fees and expenses ($24,000.00) are to be deducted from his share of the settlement proceeds, and the Court so orders.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Application for Appointment of Next Friend for Minor, Approval of Wrongful Death Settlement, and Order for Distribution of Proceedings (Doc. 60) is **GRANTED, in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the cause of action and all claims for injuries, damages, and losses against Defendant and its employees be settled for $60,000.00, inclusive of attorneys' fees and costs, the consideration agreed upon by the parties.

**IT IS FURTHER ORDERED** that the $60,000.00 settlement proceeds shall be apportioned as follows: Plaintiff Ralph Caldwell - $49,500.00; E.S. - $9,000.00; and Carol Vancil - $1,500.00.

**IT IS FURTHER ORDERED** that Plaintiff Ralph Caldwell shall pay the attorneys' fees and expenses of $24,000.00, to be paid out of his settlement proceeds.

**IT IS FURTHER ORDERED** that Plaintiff shall execute an acknowledgement of satisfaction with the Court within ten days of receipt of a check by his counsel Gregory Fenlon, made payable to Ralph Caldwell, Carol Vancil, Mark Speake, and Gregory Fenlon.

**IT IS FINALLY ORDERED** that upon receipt of payment, as evidenced by an executed acknowledgement of satisfaction of judgment filed with this Court, Mark Speake shall be discharged as Next Friend to E.S. and all claims in this action shall be **DISMISSED, with prejudice**, and that the Court will enter a separate Order to that effect.

Dated this 19th day of October, 2018.

                                                 /s/ Noelle C. Collins
                                                 NOELLE C. COLLINS
                                                 UNITED STATES MAGISTRATE JUDGE